UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2005 SEP 21  P 4: 40

| | |
|---|---|
| Marcus D. Whitaker, #298846,<br><br>                    Petitioner,<br><br>vs.<br><br>Jon E. Ozmint, Department of Corrections; and<br>Henry McMaster, Attorney General for South Carolina,<br><br>                    Respondents. | C/A No. 9:05-2283-RBH-GCK<br><br><br>Report and Recommendation |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court by a state prison inmate, *pro se*.[1] Petitioner is currently confined at Lieber Correctional Institution, serving a ten-year sentence for an armed robbery conviction entered in Lexington County, South Carolina in December 2003. By way of this case, Petitioner seeks "correction or reduction" of his sentence "based on a new Supreme Court ruling of Jan. 1, 2005." Petition, at 5. He does not provide the Court with the citation to or the name of the alleged "new Supreme Court ruling, " but he does state that the case he wants to rely on "struck down all mandatory sentencing guidelines . . . ." This, he contends, requires this Court to order that "his present 85% sentence [be] reduced to 65%," because he apparently believes that South Carolina's statutory requirement that he serve at least 85% of his robbery sentence before he can be considered for parole, *see* S.C. Stat.Ann. §§ 16-11-330; 24-13-150 (robbery; parole eligibility), constitutes "mandatory sentencing guidelines" of the type allegedly struck down by the United States Supreme Court.[2]

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

[2] It is possible that Petitioner intends to reference United States v. Booker, _ U.S._, 125 S.Ct. 738, 160 L.Ed.2d 621 (U.S. Jan 12, (2005). However, that case was decided on January 12, 2005, not on "Jan. 1,

In response to special interrogatories issued by the Court, Petitioner states that he has not filed either a direct appeal or a post-conviction relief (PCR) application with respect to his 2003 robbery conviction and sentence. (Document 5). Regarding the specific claim he is currently raising relative to his sentence, by denying that he filed *any* direct appeals or PCR applications relative to his conviction and sentence, he also acknowledges that he has not attempted to make this claim in the South Carolina state courts. When asked about his reasons for not filing a direct appeal or PCR application before filing this Petition, Petitioner states without explanation, "Petitioner could not file petition on new Sepreme [sic] court ruling of Jan. 1, 2005." (Document 5, answer 3). Petitioner had made the identical statement in his Petition following a form question telling him to "briefly explain" why he "did not appeal from the adverse action on any petition, application, or motion." Petition, at 4.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983); <u>Boyce v. Alizaduh</u>, 595 F.2d 948 (4th Cir. 1979).

---

2005." In fact, the Supreme Court's internet website does not show any case decided on January 1, 2005. See http://www.supremecourtus.gov/opinions/04slipopinion.html The <u>Booker</u> Court addressed *federal* sentencing guidelines, not state mandatory minimum sentencing statutes. Another fairly recent United States Supreme Court case, <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), addressed state sentencing guidelines, but it was decided on June 24, 2004. Without further specification from Petitioner, the actual case he seeks to assert as the basis for his claims is unknown. In any event, knowledge of the name of the actual case would not change either the substance or the outcome of this Report and Recommendation.

2

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. See Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## Discussion

The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed in this case should be dismissed because Petitioner has not exhausted his state remedies. With respect to his Lexington County robbery conviction and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after Petitioner has exhausted his state court remedies.    See 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973)(exhaustion also required under 28 U.S.C. § 2241); Picard v. Connor, 404 U.S. 270 (1971); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise

3

of illegitimate authority." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973)(citing Braden). Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

§ 2254(b), (c). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. See Picard v. Connor, 404 U.S. at 276. However, as noted above, it does not appear from the allegations contained in the Petition or from his responses to special interrogatories that Petitioner ever filed a direct appeal of his robbery conviction or sentence to the South Carolina state appellate courts, nor does not appear that he has filed a PCR application directed to the robbery conviction or sentence. As a result, the ground for habeas relief ostensibly raised in the present § 2254 Petition has not yet been

4

considered and addressed by courts of the State of South Carolina, and this is fatal to this case.

For many years, the Supreme Court of South Carolina has allowed a prisoner who is deprived of a direct appeal to receive a belated appellate review if a post-conviction court correctly finds that the deprivation of the appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. *See, e.g.*, Sumpter v. State, 312 S.C. 221, 439 S.E.2d 842 (1994); Sims v. State, 313 S.C. 420, 438 S.E.2d 253 (1993); Gossett v. State, 300 S.C. 473, 388 S.E.2d 804, 805-07(1990); Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986); White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974). In  Gossett v. State, the Supreme Court of South Carolina, in an appeal of a post-conviction case, granted a prisoner a belated direct appeal on all issues. In the appeal of the post-conviction case in Gossett, the Supreme Court of South Carolina stated: "[w]e concluded that Gossett did not knowingly and intelligently waive his right to a direct appeal[,] . . . granted the petition for certiorari on this ground[,] and directed Petitioner to brief his direct appeal issues for our review pursuant to White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974)." Gossett v. State, 388 S.E.2d at 806. At the direction of the Supreme Court of South Carolina, the appellant in Gossett was represented by the South Carolina Office of Appellate Defense in his belated direct appeal. *See* Gossett v. State, 388 S.E.2d (1995). Although Petitioner makes no argument that he was prevented from pursuing a direct appeal due to ineffective assistance of counsel, he may, nevertheless, wish to pursue the belated appeal remedy in state court in order as a means to exhaust the claim he seeks to raise for the first time in this case. To seek a belated appeal, Petitioner should file an application for post-conviction relief in the Court of Common Pleas for Lexington County. Petitioner can obtain post-conviction forms from the



Clerk of Court for Lexington County, or from the South Carolina Attorney General's Office, whose mailing address is Post Office Box 11549, Columbia, South Carolina 29211.

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can then file an appeal in that post-conviction case. See § 17-27-100, South Carolina Code of Laws; Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). In fact, if Petitioner files an application for post-conviction relief and the Court of Common Pleas for Lexington County denies PCR or dismisses Petitioner's application, Petitioner *must* seek appellate review by the Supreme Court of South Carolina of that disposition from the Court of Common Pleas for Lexington County or else federal collateral review of the grounds raised in his application for post-conviction relief will be barred by a procedural default. See Whitley v. Bair, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981).

Petitioner should be mindful that the South Carolina General Assembly has enacted limitations periods for post-conviction cases. See S.C.Code, § 17-27-45, which provides:

> (A) An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.
>
> **(B) When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter**

6

> *may be filed not later than one year after the date on which the standard or right was determined to exist.*
>
> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

(emphasis added). Subsection (B) of §17-27-45 may or may not, depending on the circumstances, provide Petitioner with a viable route under which to raise his present claim that is based on certain United States Supreme Court authority decided after the expiration of the general PCR limitation period. The undersigned expresses no opinion on the potential merits of any argument that Petitioner might make in state court in an effort to bring "new Supreme Court ruling of Jan. 1, 2005" within the purview of § 17-27-45(B).[3]

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 et seq., South Carolina Code of Laws, is a viable state-court remedy. See Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 & n. 1 (4th Cir. 1977). Since Petitioner has a viable state court remedy which has not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies. See Galloway v.

---

[3] Although Petitioner contends that he could not raise his current claim in state court, he does not explain why he believes that. Perhaps it is because he believes that limitations period ran before the case was decided. While generally true, there is an exception to the general rule that might be available to Petitioner assuming, without deciding, that he can bring the case on which he relies within the statutory requirements. Under terms of the statute, in order to raise in state court his present claim based on a case decided after the general one-year PCR limitation period, Petitioner will need to plead and prove that the new case "impose[s] upon state criminal proceedings a substantive standard not previously recognized or a right *not in existence at the time of the state court trial*, and [that] . . . the standard or right is *intended to be applied retroactively.*" S.C. Stat. Ann. §17-27-45(B)(emphasis added).

7

Stephenson, 510 F. Supp. 840, 846 (M.D. N.C. 1981)("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); see also Pitchess v. Davis, 421 U.S. 482, 490 (1975); Lawson v. Dixon, 3 F.3d 743, 749 n. 4 (4th Cir. 1993)( "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts.").

### Recommendation

Accordingly, it is recommended that the § 2254 Petition in this case be dismissed *without prejudice* and without requiring Respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

*[signature]*

George C. Kosko
United States Magistrate Judge

September 21, 2005
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**